Case: 3:25-cv-00011-MJN-CHG Doc #: 2 Filed: 01/14/25 Page: 1 of 6 PAGEID #: 163

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, October 2, 2023 4:38:03 PM
CASE NUMBER: 2023 CV 05228 Docket ID: 772338847
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OH
CIVIL DIVISION

| | | |
|---|---|---|
| KENYA AKBAR, formerly Kenya Baker<br>147 Hillcrest Avenue<br>Dayton, OH 45405 | : | CASE NO: |
| | : | JUDGE: |
| Plaintiff, | : | |
| Vs. | : | |
| DAYTON POLICE DEPARTMENT<br>335 W. Third Street<br>Dayton, OH 45402 | : | COMPLAINT FOR PERSONAL INJURY W/JURY DEMAND ENDORSED HEREIN |
| AND | : | |
| OFFICER TONY MURPHY AND<br>SERGEANT ALEXANDER MAGILL<br>DAYTON POLICE DEPARTMENT<br>In their individual and official capacity<br>335 W. Third Street<br>Dayton, OH 45402 | : | |
| AND | : | |
| UNKNOWN OFFICERS<br>DAYTON POLICE DEPARTMENT<br>In their individual and official capacity<br>335 W. Third Street<br>Dayton, OH 45402 | : | |
| AND | : | |
| ANTHEM BLUE CROSS BLUE SHIELD<br>P.O Box 659940<br>San Antonio, TX 78265 | : | |
| Defendants. | : | |

_____

    Now comes the Plaintiff Kenya Akbar, by and through her attorney and for her complaints as follows:

## RECITALS

1. Plaintiff Kenya Akbar, formerly known as Kenya Baker (hereinafter referred to as "Mrs. Akbar"), at all times relevant lives at 147 Hillcrest Avenue, Dayton, OH, and is a resident of Montgomery County located in the State of Ohio.

2. Defendant Dayton Police Department (hereinafter referred to as "Dayton Police Department") is a law enforcement agency authorized to perform the functions enumerated in the Ohio Revised Code.

3. Defendant Officer Tony Murphy (hereinafter referred to as " Defendant Murphy") at all times relevant was and is currently an employee of the Dayton Police Department.

4. Defendant Sergeant Alexander Magill (hereinafter referred to as " Defendant Magill") at all times relevant was and is currently an employee of the Dayton Police Department.

5. Anthem Blue Cross Blue Shield at all times pertinent hereto, was and is a corporation and/or business entity organized and existing under the laws of the State of Ohio and/or licensed to and doing business in the State of Ohio and/or was regularly did or solicited business or engaged in other courses of conduct or derived substantial revenue for goods used or consumed or services rendered in the State of Ohio.

6. The venue is proper in Montgomery County because (A) at least one Defendant maintains a principal place of business in this County: (B) Defendant engaged in activities that gave rise to Plaintiff's claim for relief within this County; (C) all or part of the Plaintiff's claims for relief arose occurred in this County.

7. This Court may properly exercise general personal jurisdiction over all Defendants in this action.

## COUNT I

8. Plaintiff hereby incorporates all the allegations contained in paragraphs one (1) through seven (7) as if fully rewritten herein.

9. On October 6, 2021, Mrs. Akbar was assaulted by Officer Murphy and Sergeant Magill of the Dayton Police Department and charged with obstruction of justice.

10. On or about October 6, 2021, Mrs. Akbar was out in the community cleaning with two (2) male juveniles who were in her custody from the Communication Speaks Group Home in Dayton, OH. That afternoon, she noticed the juveniles were seated on the curb, across from the Dollar General located at 445 Salem Avenue in Dayton OH. Mrs. Akbar approached the officers in a non-threatening manner.

11. While attempting to explain her role and inquire as to the matter concerning the juveniles, Mrs Akbar was immediately, relentlessly met with aggression, and use of extreme force, handcuffed, and lack of regard.

12. While in the attempt to get answers, Mrs. Akbar was approached by Defendant Magill. Defendant Magill, with no probable cause, decided he was going to arrest Mrs. Akbar for Obstructing Official Business.

13. With the help of Defendant Murphy, Defendant Magill began to handcuff Mrs. Akbar.

14. While being handcuffed, Defendant Murphy bent Mrs. Akbar's arm up to her neck. Mrs. Akbar expressed to Defendant Murphy that the cuffs were too tight, and she felt her elbow pop.

15. Mrs. Akbar was placed in the police car where she was left in excruciating pain and no medical assistance.

16. Mrs. Akbar did not consent to or provoke the assault.

17. As a direct and proximate result of the negligence of Defendant Murphy and Defendant Magill, Mrs. Akbar was injured and suffered damages as follows:

    a. severe and permanent injuries;

    b. great pain and suffering, both physical and emotional;

    c. loss of ability to perform usual functions;

    d. future pain and suffering, both physical and emotional;

    e. future loss of ability to perform usual functions;

    f. reasonable and necessary medical expenses in an amount to be determined;

    g. future reasonable and necessary medical expenses in an amount to be determined;

    h. loss of wages and earnings in an amount to be determined;

    i. future loss of wages and earnings in an amount to be determined;

## COUNT II

18. Plaintiff hereby incorporates all the allegations contained in paragraphs one (1) through seventeen(17) as if fully rewritten herein.

19. Before October 6, 2021, Defendant Dayton Police Department permitted, encouraged, tolerated, and/or ratified a pattern and practice of the use of excessive force by officers.

    a. Failing to adequately discipline or prosecute past incidents of unreasonable and excessive force

    b. Failed to update operating procedures to address contemporary law enforcement issues or to formulate policies sufficiently detailed to serve as directives for its employees.

    c. Using both inaction in supervision and inaction of incidents involving the use of excessive force, encouraged officers employed by them to believe that the use of excessive force is permissible.

20. The Dayton Police Department failed to properly identify instances of excessive and unreasonable use of force or to discipline, closely supervise, or retrain officers who, in fact, improperly engage in the use of excessive and unreasonable force.

21. The Dayton Police Department has failed to reprimand or appropriately discipline the officers involved in the Plaintiff's assault.

22. The Dayton Police Department maintained a system of grossly inadequate training about the law of permissible use of force and such a program fails to meet standard police training principles.

23. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant Dayton Police Department that caused Defendant Murphy and Defendant Magill to be unaware of the rules and laws governing the permissible use of force and to believe that unreasonable and excessive use was entirely within the discretion of the officer with the foreseeable result that officers would be more like use excessive force in situations in which such force was neither necessary reasonable, nor legal.

24. The Dayton Police Department failed to adequately hire, retain, and train the Defendant Officers, placing the citizens of Dayton, OH at substantial risk of harm.

25. The Dayton Police Department is responsible for the actions of Defendant Murphy, Defendant Magill, and Unknown officers.

26. As a direct and proximate result of the negligence of the Dayton Police Department, Mrs. Akbar was injured and suffered damages as follows:

    a. severe and permanent injuries;

    b. great pain and suffering, both physical and emotional;

    c. loss of ability to perform usual functions;

    d. future pain and suffering, both physical and emotional;

    e. future loss of ability to perform usual functions;

    f. reasonable and necessary medical expenses in an amount to be determined;

    g. future reasonable and necessary medical expenses in an amount to be determined;

    h. loss of wages and earnings in an amount to be determined;

    i. future loss of wages and earnings in an amount to be determined;

## COUNT III

27. Plaintiff re-alleges paragraphs one (1) through twenty-six (26) as fully rewritten herein.

28. On or before October 6, 2021, Defendant Anthem Blue Cross Blue Shield is not entitled to be reimbursed or subrogated to the rights of Plaintiff for monies it paid for medical expenses or not entitled to the extent to which it claims.

29. Plaintiff asks this Court to determine if and to what extent Defendant Atena should be reimbursed or subrogated to the rights of Plaintiff against the named Defendant or other liable parties for medical expenses it paid related to Plaintiff's injuries and treatment.

    **WHEREFORE**, Plaintiff Kenya Akbar, prays for judgment as to the counts in her favor and against all named Defendants, jointly, severally, or in the alternative, in the amount in excess of $25,000.00 (Twenty-Five Thousand Dollars) for compensatory damages in each claim or relief, punitive damages, plus all courts, prejudgment, and post-judgment interest, attorney fees and all other relief this honorable Court deem to be just and proper. Now comes the plaintiff, by and through Counsel, and hereby demands a trial by jury on all issues of this matter.

## JURY DEMAND

      Now comes the plaintiff, by and through Counsel, and hereby demands a trial by jury on all issues of this matter.

Respectfully Submitted,

*/s/ Michelle L. Martin, Esq*
Michelle L. Martin (0091931)
The Martin Law Firm, Ltd.
85 E. Gay Street, Suite 1002
Columbus, OH 43215
(614) 769-7534 phone
(614) 573-7618 fax
michelle@emarlaw.com
*Attorney for Plaintiff*